312 So.2d 79

**Henderson Jack MILLER**

v.

**STATE.**

4 Div. 221.

Court of Criminal Appeals of Alabama.

April 22, 1975.

Billy J. Sheffield, Dothan, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted with only a statutory count for murder in the first degree and convicted by a jury as charged. The jury fixed punishment at life imprisonment. Defendant here appeals from the judgment duly entered pursuant to the verdict.

There is no brief here filed for appellant. We will note the reason later in this opinion.

It appears from the evidence filed with the record that the homicide grew out of appellant's separation from his wife, age 24. Appellant was 59. The wife was 18 years of age when she and defendant were married. We infer from the record that incompatibility of age differential was a factor inducing separation.

Anyway, on December 11, 1972, around noon, a shoot-out between defendant and his victim, James C. Russaw, occurred at or near the home of the mother of deceased Russaw. Deceased was then a paramour of defendant's wife; they were living together not far from the scene of the shooting which did not occur at the home of the victim and his paramour.

The State's witness, the wife of defendant, and some of the other witnesses for the State, tended to show that the wife, Shirley Miller, was sitting in a Cadillac when she saw her husband coming in a conveyance. She immediately ran in the house where defendant's mother lived and warned her paramour about the approach of her husband. The paramour came out of the house with a pistol on his person. She claimed that her husband fired first at the victim and missed; then the victim opened fire with his pistol and missed. The victim then retreated behind his automobile where a shot from the defendant's rifle penetrated a vital spot and he immediately died therefrom.

The transcript of the evidence here before this court covers 141 pages. We have reviewed these pages and others, including the oral charge of the court for errors as mandated by law. T. 15, § 389, Code of Alabama, Recompiled 1958.

According to our view the trial was free of error. The District Attorney and defendant's appointed counsel (defendant was an indigent) both tried to bring out all the evidence, without any bickering, that would enlighten the jury as to the facts pertinent to the homicide.

Very few rulings of the court were invoked. The rulings invoked were free of error.

It was an unfortunate homicide that resulted over both parties seeking to preserve their romantic status with a woman. The deceased was 37 and had the advantage of age over the defendant. Suffice it to say, the jury heard the evidence, evaluated it, and resolved the conflicts. The deceased lost his life and the defendant his liberty for awhile.

We are unwilling to disturb the verdict of the jury. They heard the oral evidence, saw the witness, and resolved the conflicts against appellant.

The reason no brief is filed here for appellant is because the appointed counsel for this defendant on appeal, wrote this court a letter that he could not find any ruling of the court that merited a reversal. Neither can we.

It appears from the record that the nisi prius court first named appellant's appointed counsel at nisi prius to represent appellant on the appeal. Defendant opposed this appointment.

The trial court at first declined to make a change, but the trial attorney asked to be relieved. The request was granted and another attorney appointed. After examining the record, his letter to this court of "no merit" in this appeal followed. We have carefully reviewed every page of the transcript for prejudicial error. We find none, and concur with appellant's newly appointed counsel in his observation of "no merit" in the appeal.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.